RUDOLF v. BURTON et al.

(Supreme Court, Appellate Division, Fourth Department. June 2, 1903.)

1. MORTGAGES—LIABILITY FOR DEFICIENCY—PARTIES.

   Where a mortgagee holding a first and a second mortgage on the same premises sold the second mortgage, and after the execution of the mortgages the premises were subdivided and sold to different purchasers, the deed to each tract making the purchaser liable for his proportionate share of the amount of both mortgages, it was error to determine the liability of the various purchasers to the holder of the second mortgage in an action in which the holder of the first mortgage was not made a party.

Appeal from Erie County Court.

Action by Jennie E. Rudolf, as administratrix, against Catherine Burton and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Clarence U. Carruth, for appellants.
Harry D. Williams, for respondent.

SPRING, J. On the 25th day of January, 1898, one Frank Burton executed to Dyonisius Knab two mortgages to secure the payment of the purchase price of the premises described in said mortgages—one for the sum of $5,089.20, and the other for $1,660.80. The smaller one was the second mortgage, and is now owned by the plaintiff, and

Knab parted with his interest therein in February, 1898. The bond of the mortgagor accompanied each mortgage. After the execution of said mortgages, Burton, the mortgagor, sold and conveyed to each of 18 different purchasers a distinct tract of said premises. Sixteen purchased each a one-twentieth interest of said premises, and 2 a two-twentieth interest. In each of the deeds to the 16 purchasers of the one-twentieth interest, the following clause appears:

"Subject, however, to two certain mortgages amounting together to $6,750, which said party of the second part hereby assumes, covenants and agrees to pay to the extent of three hundred thirty-seven and $50/100$ ($337.50) dollars."

A like clause is contained in the deeds to each of the two purchasers of the two-twentieths interest, except that the sum assumed in each of those conveyances is $675. It will be observed that while, in terms, the assumption does not make each grantee liable for an aliquot part of the mortgage indebtedness, that is the effect of the assumption. Both mortgages are still unpaid, and it is claimed that the premises will not sell for sufficient to meet them. The judgment in this action adjudges that each of the appellants, except the appellant Wardle, pay any deficiency to the extent of $337.50, and, as to the appellant Wardle and the defendant Donovan, that each be liable for a deficiency to the extent of $675. The record shows that the first mortgage is also being foreclosed. The first mortgagee is not a party to the present action.

As a result of this judgment for deficiency, each of the appellants is made liable to the full extent of his assumption; and, if any of the grantees are unable to pay their proportion, each of the others who is responsible may be called upon to pay more, by reason of the inability of those delinquent to meet their shares. But this is not the most serious difficulty. When the land is sold under the first mortgage pursuant to a judgment and sale, there may also be a deficiency, and the grantees may each be liable to pay again because of their assumption. Without passing upon the exact nature of the liability of these grantees, it seems to us essential that Knab be brought into this action, so that his rights may be considered before any liability is imposed upon these defending grantees, or a more feasible course, probably, is for all these parties who are necessary defendants to the action for the foreclosure of the first mortgage to have their rights determined in that action. It may be that Knab will claim that he is entitled to collect of these grantees on their assumption before any right inures to the plaintiff in this action. Again, it may be that a proper construction of the assumption clause is that the amount to be paid is to be applied toward the extinguishment of the entire indebtedness, so that there will be a proportionate application upon each mortgage. In any event, the liability of these various grantees ought not to be determined now, as the necessary parties are not in court.

That part of the judgment appealed from is therefore reversed, and new trial granted, with costs to the appellants to abide the event. All concur.